[No. 2306.]

B. A. Wells *v.* The State.

1. Practice.—Venue of the offense, as laid in the indictment, must be shown by the record on appeal to have been proved. Otherwise a conviction can not stand.
2. Exhibiting Gaming Table—Fact Case.—See the opinion in extenso for a resume of evidence *held* insufficient to support a conviction for exhibiting a gaming table.

Appeal from the County Court of Wood. Tried below before the Hon. H. M. Cate, County Judge.

The conviction in this case was for exhibiting a gaming table, the penalty imposed upon the appellant being a fine of twenty-five dollars.

The substance of the testimony adduced on the trial being succinctly stated in the opinion of the court.

*Giles & Kuteman,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. There is not, in the record, any proof whatever of the venue of the offense, if any offense was committed. We must further say that, after a careful examination of the statement of facts, there is no evidence warranting this conviction. While it is shown that the defendant owned a pool table, upon which games were played some times for the table fees and some times for drinks, it is not made to appear that the defendant kept or exhibited the table for gaming purposes, or that he had any knowledge, or might by the use of reasonable diligence have known, that the table was used by the players for gaming purposes. On the contrary, the evidence shows that the defendant, time and again, forbid and prevented persons from betting upon games played upon the table, and kept printed notices conspicuously posted in the house where the table was situated, forbidding those using the table from betting thereon.

Because there is no proof of venue, and because there is no

Opinion of the court.

sufficient proof that defendant violated the law, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered October 13, 1886.